IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MATTHEW S. ROE, ) | |
| PLAINTIFF, ) | |
| ) | |
| V. ) | Case No. _____ |
| ) | |
| CITY OF MURFREESBORO, TN ) | JURY DEMAND |
| DEFENDANT. ) | |

## COMPLAINT

Plaintiff Matthew S. Roe, by and through counsel, files this Complaint against Defendant City of Murfreesboro and alleges as follows:

## INTRODUCTION

Plaintiff Matthew Roe ("Plaintiff" or "Officer Roe") brings this action against the City of Murfreesboro seeking redress for retaliation by the Police Department of the City of Murfreesboro, Tennessee ("Defendant" or the "City"). Officer Roe was constructively discharged by the City because he participated in two (2) activities protected by law. First, he actively participated in a proposed lawsuit against the City for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), including signing the petition to opt in to the lawsuit. Second, he serves as the president of the local chapter of the Fraternal Order of Police ("FOP"), an activity protected by the First Amendment. Upon becoming aware of Officer Roe's participation in these protected activities, Officer Roe's superiors began treating him in a hostile and retaliatory manner. Specifically, Officer Roe was unreasonably denied multiple training and education opportunities, was subject to discipline that is grossly disproportionate to any alleged wrongdoing, and was

compelled to perform work well beyond the scope of his normal duties by a Captain who is not even his direct superior. He was also subject to general harassment by his superiors, including one instance in which he was wrongfully and unreasonably accused of violating a non-existent anti-Facebook policy and of lying about that "violation". His peers who did not participate in the FLSA lawsuit or do not serve in leadership roles at the FOP were not subject to this relentless harassment, which caused Officer Roe to be constructively discharged from his employment with the City. Through this Complaint, Officer Roe seeks redress for the City's unlawful conduct.

## THE PARTIES

1. Plaintiff Matthew Roe is a resident of Murfreesboro, Tennessee. He resides at 1540 Lascassas Pike, Apartment 415, Murfreesboro, Tennessee 37130.

2. Defendant City of Murfreesboro, Tennessee is a municipality located in the Middle District of Tennessee. Pursuant to Federal Rule of Civil Procedure 4(j)(2) and Tennessee Rule of Civil Procedure 4.04(8), service can be made on Defendant through its Attorney, Susan McGannon, 111 West Vine Street, Suite 149, Murfreesboro, Tennessee 37130.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 29 U.S.C. § 216(b) (Fair Labor Standards Act), and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b) – (c) because the claim arose in this judicial district, and because both parties reside within this judicial district.

## FACTUAL ALLEGATIONS

5. In 2011, Officer Roe actively participated in a proposed lawsuit against the City for violations of the Fair Labor Standards Act, 29 U.S.C. § 216(b), signing the petition to opt in to that lawsuit, and agreeing to be one of the named plaintiffs.

6. Officer Roe's superiors are aware of his participation in that matter.

7. Additionally, Officer Roe serves as the president of the local chapter of the Fraternal Order of Police. He has served in this capacity since January, 2011.

8. Officer Roe's superiors are aware of his leadership role with the FOP.

9. Under the leadership of Officer Roe, the FOP spearheaded the FLSA litigation.

10. Following his participation in the FLSA lawsuit, Officer Roe applied through the City to attend approximately twenty (20) training schools.

11. With one exception, all of these requests were denied by Major David Hudgens ("Major Hudgens") and/or Captain Cary Gensmer ("Captain Gensmer")

12. The one approval came when both Major Hudgens and Captain Gensmer, who normally reviewed requests for attendance at schools, were both out of the office.

13. Attendance at these schools would have opened the door to certain overtime opportunities and career advancement.

14. On one particularly egregious occasion, Officer Roe applied to attend a Meth Task Force School.

15. Officer Roe's attendance would have been free, and he already had the equipment necessary to participate in the class.

16. Officer Roe's request was denied with no reasonable explanation.

17. Officer Roe also requested to be on the on-call team for meth labs.

3

18. While Chief Michael Bowen ("Chief Bowen"), Chief Roy Fields ("Chief Fields") and Chief Glenn Chrisman ("Chief Chrisman") initially agreed to put Officer Roe on the on-call team, he was never actually allowed to be on the team.

19. Instead, the City actively sought out two other officers to attend the Meth Task Force School and to be on the team.

20. The City paid for the cost of attendance for both officers.

21. Prior to his participation in the FLSA matter, all requests by Officer Roe to attend training schools were approved by the City.

22. During the time that Officer Roe's requests were repeatedly denied, other officers that did not participate in the FLSA matter or in leadership roles with the FOP also requested to attend various training schools and those requests were granted.

23. In addition to the City outright denying Officer Roe important training and overtime opportunities, which would have led to career advancements, Officer Roe's superiors have been quick to discipline him, even where he was not involved in any wrongdoing.

24. For example, Officer Roe serves as a "courtesy officer" at an apartment complex in Murfreesboro.

25. A package was delivered to the office of the apartment complex through the U.S. Mail, and the staff became concerned that the package may contain drugs.

26. Officer Greg Brown ("Officer Brown") was called in to supervise the situation.

27. Officer Brown made the decision not to seize the package per U.S. Postal Regulations.

28. An internal investigation was conducted by the City regarding whether the package should have been seized, and Officer Brown, who took full responsibility for the situation, was given a verbal warning for failing to seize the package.

4

## CAUSES OF ACTION

### I. COUNT ONE: FLSA RETALIATION

19. Officer Mansfield incorporates by reference the allegations contained in Paragraphs 1-18 above as if fully stated herein.

20. The City illegally retaliated against Officer Mansfield by failing to promote him to Sergeant of the K9 unit because of his participation in the FLSA matter, in direct violation of 29 U.S.C. § 215(a)(3).

21. As a direct and proximate result of the City's willful, knowing and intentional retaliation against him, Officer Mansfield is entitled to back pay, future wages and/or promotion, liquidated damages, compensatory damages, prejudgment interest, punitive damages, attorney fees and costs.

### II. COUNT TWO: TITLE VII RETALIATION

22. Officer Mansfield incorporates by reference the allegations contained in Paragraphs 1-21 above as if fully stated herein.

23. The City illegally retaliated against Officer Mansfield by failing to promote him to Sergeant of the K9 unit because of his participation in the internal investigation in which he opposed discriminatory behavior by Major Hudgens towards another officer.

24. As a direct and proximate result of the City's willful, knowing and intentional retaliation against him, Officer Mansfield is entitled to back pay, future wages and/or promotion, compensatory damages, prejudgment interest, attorney fees and costs.

41. Officer Roe was constructively discharged on March 2, 2014. He had no choice other than to leave his job due to the relentless retaliation directed at him by his supervisors.

42. In one final act of retaliation, Chief Fields arrived late for Officer Roe's exit interview.

43. Officer Roe was then made to wait more than two (2) hours just to turn in his uniform.

44. All of the retaliatory incidents listed herein occurred after Officer Roe's participation in the FLSA matter and election to leadership role in the FOP.

45. The only explanation for the egregious harassment by the City towards Officer Roe is retaliation.

46. As a direct and proximate result of the retaliation by the City, Officer Roe has suffered and will continue to suffer mental anguish, lost wages and other lost benefits.

## CAUSES OF ACTION

### I. COUNT ONE: FLSA RETALIATION

47. Officer Roe incorporates by reference the allegations contained in Paragraphs 1 – 46 above as if fully stated herein.

48. The City illegally retaliated against Officer Roe by constructively discharging him because of his participation in the FLSA matter, in direct violation of 29 U.S.C. § 215(a)(3).

49. As a direct and proximate result of the City's willful, knowing and intentional retaliation against him, Officer Roe is entitled to back pay, future wages and/or reinstatement, liquidated damages, compensatory damages, prejudgment interest, punitive damages, attorney fees and costs.

50. The City's actions, as set forth herein, were willful, wanton, malicious and done in reckless disregard for the safety and well-being of Officer Roe such as to justify the imposition of punitive and liquidated damages.

## II. 42 U.S.C. § 1983 RETALIATION

51. Officer Roe incorporates by reference the allegations contained in paragraphs 1 – 50 above as if fully stated herein.

52. The City illegally retaliated against Officer Roe by constructively discharging him because of his leadership role in the FOP, an activity protected by the First Amendment.

53. As a direct and proximate result of the City's willful, knowing and intentional retaliation against him, Officer Roe is entitled to back pay, future wages, compensatory damages, prejudgment interest, attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. Back pay, including all sums of money he would have earned, together with such other increases to which he would be entitled, had he not been constructively discharged;

B. Front pay and/or specific relief in the form of reinstatement;

C. Compensatory damages in an amount to be determined by the trier of fact to be fair and reasonable;

D. Prejudgment interest;

E. Liquidated damages;

F. Punitive damages;

G. Reasonable attorney fees and costs; and

H. Such other, further and general relief as this Court deems just and equitable.

## REQUEST FOR JURY TRIAL

Officer Roe hereby makes a demand for a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

_____
THE SWAFFORD LAW FIRM, PLLC
Tara L. Swafford, BPR # 17577
Elizabeth G. Hart, BPR #30070
207 Third Avenue North
Franklin, Tennessee 37064
Telephone: (615) 599-8406
Facsimile: (615) 807-2355
tara@swaffordlawfirm.com
betsy@swaffordlawfirm.com

8