IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MATTHEW S. ROE )
)
v. ) NO. 3-14-1395
) JUDGE CAMPBELL
CITY OF MURFREESBORO, TN )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 21). For the reasons stated herein, Defendant's Motion is GRANTED in part and DENIED in part.

INTRODUCTION

Plaintiff is a former employee of the City of Murfreesboro Police Department. Defendant contends that Plaintiff voluntarily resigned from that position. Plaintiff contends that he was constructively discharged in retaliation for participating in activities protected by federal law - namely, Plaintiff actively participated in an effort to secure paid meal breaks for Murfreesboro Police Officers under the Fair Labor Standards Act ("FLSA") and Plaintiff served as president of the local chapter of the Fraternal Order of Police ("FOP"). Plaintiff asserts that Defendant violated both the FLSA and his First Amendment rights through its retaliation.

Plaintiff alleges that he was systematically belittled, harassed, falsely accused, and denied career advancement in retaliation for the roles he played in a proposed FLSA lawsuit against the City of Murfreesboro and as the president of the FOP. Defendant argues that there is insufficient evidence for a reasonable jury to find that Defendant retaliated against Plaintiff and, therefore, Defendant should be awarded summary judgment on Plaintiff's FLSA and constitutional claims.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## FLSA RETALIATION

Under the FLSA, an employer is prohibited from discharging or in any other manner discriminating against an employee because such employee has filed or caused to be instituted any proceeding under or related to the FLSA. 29 U.S.C. § 215(a)(3). To establish a *prima facie* case of

retaliation under the FLSA, Plaintiff must show: (1) he engaged in a protected activity under the FLSA; (2) his exercise of this right was known by Defendant; (3) thereafter, Defendant took an employment action adverse to him; and (4) there was a causal connection between the protected activity and the adverse employment action. *Reeser v. Henry Ford Health System*, 119 F.Supp.3d 710, 719 (E.D. Mich. 2015); *Adair v. Charter County of Wayne*, 452 F.3d 482, 289 (6th Cir. 2006).

Defendant does not dispute that Plaintiff engaged in protected activity or that Defendant knew about it. Defendant argues that Plaintiff did not suffer an adverse employment action and, even if he had, there was no causal connection between Plaintiff's protected activity and Defendant's actions.

Plaintiff contends that the pattern of unjustified harassment, rejection, and discipline directed at Plaintiff formed a sufficient basis for constructive discharge, which is an adverse employment action. *See Logan v. Denny's, Inc.*, 259 F.3d 558, 568 (6th Cir. 2001). Constructive discharge requires a determination that working conditions were so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign. *Norman v. Rolling Hills Hospital, LLC*, 820 F.Supp.2d 814, 823 (M.D. Tenn. 2011). To establish a constructive discharge claim, Plaintiff must demonstrate that Defendant deliberately created intolerable working conditions, as perceived by a reasonable person, and Defendant did so with the intention of forcing Plaintiff to quit. *Id*.

The Court finds that there are genuine issues of material fact as to whether Plaintiff was constructively discharged. For example, the parties disagree as to whether and to what extent Plaintiff experienced hostile and unfavorable treatment at work after he engaged in protected conduct. *See*, *e.g.,* Docket No. 30, ¶¶ 6-10, 13-14, 16, 19-20, 29, 34-42. The parties also disagree as to whether the repeated denials of Plaintiff's training requests were unusual, were for non-

3

discriminatory reasons, or affected his career advancement and overtime opportunities. The parties dispute whether one of Plaintiff's supervisors told him he would never be promoted due to his protected conduct and whether another supervisor acted with retaliation in causing Plaintiff not to be selected to be a Field Training Officer.

Plaintiff has presented sufficient evidence of intolerable working conditions to create a genuine issue of material fact as to the circumstances surrounding his employment, and determination of what a reasonable person would have felt under those circumstances is a question for the jury. A reasonable jury could find that all the alleged hostilities and actions taken toward Plaintiff created a situation where working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign - - - or not. A reasonable jury could find that the actions and inactions of Defendant were motivated by retaliation for Plaintiff's protected activity - - - or not.

Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's FLSA retaliation claim is denied.

## FIRST AMENDMENT

To state a claim under 42 U.S.C. § 1983 for violation of his First Amendment rights, Plaintiff must establish that he was deprived of a right secured by the United States Constitution or laws and the deprivation was caused by a person acting under color of state law. *Adair*, 452 F.3d at 491-92. To prevail on a First Amendment retaliation claim, Plaintiff must show that (1) he was engaged in a constitutionally protected activity; (2) Defendant's adverse action caused him to suffer an injury that would likely chill a person of ordinary fitness from continuing to engage in that activity; and (3)

the adverse action was motivated at least in part as a response to the exercise of Plaintiff's constitutional rights. *Id.* at 492; *Smith v. Peyman*, 93 F.Supp.3d 738, 748 (E.D. Ky. 2015).

A municipality cannot be liable under a *respondeat superior* theory for Section 1983 violations. *Delozier v. Bradley County Bd. of Educ.*, 44 F.Supp.3d 748, 768 (E.D. Tenn. 2014). To establish municipal liability under Section 1983, Plaintiff must also establish that a policy or custom of the municipality was the "moving force" behind the deprivation of his rights. *Miller v. Sanilac County,* 606 F.3d 240, 255 (6th Cir. 2010). Municipalities are liable for harms resulting from a constitutional violation only when the harm resulted from implementation of the municipality's official policies or established customs. *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009). Plaintiff must also demonstrate a direct causal link between the policy and the alleged constitutional violation in order to show that the municipality's deliberate conduct can be deemed the "moving force" behind the violation. *Id.*

As the court stated in *Adair*, another First Amendment retaliation case, a local government may not be sued under Section 1983 for an injury inflicted solely by employees or agents. Instead it is when execution of a government's policy or custom inflicts the injury that the government as an entity is responsible. *Adair*, 452 F.3d at 493.

Plaintiff's Amended Complaint (Docket No. 8) is against one Defendant only, the City of Murfreesboro, and it alleges nothing about a policy or practice of the City of Murfreesboro. Plaintiff's Amended Complaint alleges certain instances of behavior taken specifically against Plaintiff by individual members of the Murfreesboro Police Department. Therefore, there being no policy or practice alleged, Plaintiff's claims against the City under Section 1983 should be dismissed.

To the extent Plaintiff alleges, in response to Defendant's Motion, that the Murfreesboro Police Department, had a policy and practice of retaliation against employees who "rock the boat" or stand up for their rights, Plaintiff has not shown that such conduct, even if it had been alleged in his Amended Complaint, was so pervasive that it rose to the level of a policy or practice.

Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's First Amendment claims is granted, and those claims are dismissed.

## CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (Docket No. 21) is GRANTED in part and DENIED in part. Plaintiff's First Amendment claims are DISMISSED. Plaintiff's FLSA claims remain set for trial on June 21, 2016.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE